UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANTHONY D. FARRIER #621114**                                **CIVIL ACTION**

**VERSUS**                                                    **NO. 20-01611**

**STATE OF LOUISIANA, ET AL.**                                **SECTION: "G"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Anthony D. Farrier, a Louisiana state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued the State of Louisiana, Orleans Parish District Attorney Leon Cannizzaro, Orleans Parish Criminal District Court Judge Robin Pittman, Louisiana State Penitentiary Warden Darrel Vannoy, and the Louisiana Supreme Court. Plaintiff claims that he is being unlawfully imprisoned, arguing his conviction by a non-unanimous jury is unconstitutional under Ramos v. Louisiana, 140 S. Ct. 1390 (2020). He seeks the following relief:

> Declaratory judgment to the La. Supreme Ct. Justices requiring reversal of district court's denial of Mr. Farrier's motion for post verdict judgment of acquittal as it is unconstitutional to convict a defendant by a nonunanimous jury in a felony case.
> Injunction – against the warden of Louisiana State Penitentiary to cease and desist the unconstitutional detainment of the plaintiff Mr. Anthony Farrier.
> Compensation for wrongful conviction and imprisonment pursuant to La. R.S. 15:572.8, to start frome [sic] the date of Jan. 3, 2014 to the date of this transaction is completed.[1]

### I. Screening Standards

Plaintiff filed this federal civil action *in forma pauperis*.[2] Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …

---
[1] Rec. Doc. 3, p. 18.
[2] Rec. Docs. 4 and 5.

>   (i)    is frivolous or malicious;
>   (ii)   fails to state a claim on which relief may be granted; or
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

>   On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that the complaint be dismissed for the following reasons.

## II. Plaintiff's Claims

As noted, plaintiff claims that he is being unlawfully imprisoned because his conviction by a non-unanimous jury is unconstitutional under Ramos v. Louisiana, 140 S. Ct. 1390 (2020). For context, the undersigned notes that this Court's records reflect that plaintiff previously challenged his state criminal judgment by filing a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[4] In her report concerning that habeas petition, United States Magistrate Judge Janis van Meerveld noted that plaintiff was convicted in state court of sexual battery with a victim under the age of thirteen in violation of La. Rev. Stat. § 14:43.1(C)(2). She recommended that plaintiff's claims, which alleged that he had received ineffective assistance of counsel at trial, be denied on

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[4] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

3

the merits.[5] United States District Judge Sarah S. Vance adopted that recommendation, and the matter was dismissed with prejudice.[6]

Plaintiff now seeks to undermine the validity of his state criminal judgment by another means: filing this federal civil rights complaint pursuant to 42 U.S.C. § 1983. However, as plaintiff has been instructed in his prior lawsuits,[7] that tactic is prohibited by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 F. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 F. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

---

[5] Farrier v. Vannoy, Civ. Action No. 17-7955, 2018 WL 6682835 (E.D. La. May 25, 2018).
[6] Farrier v. Vannoy, Civ. Action No. 17-7955, 2018 WL 6651253 (E.D. La. Dec. 19, 2018).
[7] See Farrier v. Pittman, Civ. Action No. 19-1920, 2019 WL 1549060, at *3 (E.D. La. Mar. 27, 2019), adopted, 2019 WL 1544299 (E.D. La. Apr. 9, 2019); Farrier v. Pittman, Civ. Action No. 18-11524, 2019 WL 418210, at *1-2 (E.D. La. Jan. 2, 2019), adopted, 2019 WL 414716 (E.D. La. Feb. 1, 2019).

A judgment in plaintiff's favor on his § 1983 claim that his conviction by a non-unanimous jury was unconstitutional would necessarily imply the invalidity of that state court conviction. Thompson v. Landry, Civ. Action No. 19-0766, 2019 WL 2124537, at *3 (E.D. La. Mar. 29, 2019), adopted, 2019 WL 2122990 (E.D. La. May 15, 2019). Accordingly, plaintiff's § 1983 claims should be dismissed with prejudice until such time as the Heck conditions are met.[8] Id.

Out of an abundance of caution, the Court notes that claims such as the ones alleged herein could be asserted in a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254. However, it would be futile to construe the instant complaint in part as a § 2254 petition because this Court lacks jurisdiction to consider such a petition. As noted, plaintiff previously filed a § 2254 petition which was dismissed with prejudice on the merits. Accordingly, this Court has no jurisdiction to consider a second or successive habeas petition challenging that same state criminal judgment until such time as plaintiff has sought and obtained authorization for such a filing from the United States Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's that plaintiff's 42 U.S.C. § 1983 claims be dismissed with prejudice until such time as the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[8] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   31st   day of July, 2020.

_____<br>
**DANA M. DOUGLAS**<br>
**UNITED STATES MAGISTRATE JUDGE**