UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY D. FARRIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1611** |
| **STATE OF LOUISIANA, et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court are Plaintiff Anthony D. Farrier's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a Louisiana state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Orleans Parish District Attorney Leon Cannizzaro, Orleans Parish Criminal District Court Judge Robin Pittman, Louisiana State Penitentiary Warden Darrel Vannoy, and the Louisiana Supreme Court.[2] Plaintiff alleges that under *Ramos v. Louisiana* his constitutional rights were violated when he was convicted by a non-unanimous jury.[3] The Magistrate Judge recommended that the Court dismiss Plaintiff's Section 1983 clams pursuant to the Supreme Court's holding in *Heck v. Humphery* because a judgment in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's conviction.[4] Plaintiff objects to the Magistrate Judge's recommendation.[5] Considering the Complaint, the Report and Recommendation, Plaintiff's objections, the record, and the applicable

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 3.

[3] *Id*. (citing *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020)).

[4] Rec. Doc. 6.

[5] Rec. Doc. 7.

1

law, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, and dismisses Plaintiff's claims with prejudice until such time as the *Heck* conditions are met.

## I. Background

On June 22, 2020, Plaintiff filed a complaint in this Court alleging his conviction by a non-unanimous jury violated his constitutional right under the Fourteenth Amendment.[6] Plaintiff brings claims under 42 U.S.C. § 1983 against Orleans Parish District Attorney Leon Cannizzaro, Orleans Parish Criminal District Court Judge Robin Pittman, Louisiana State Penitentiary Warden Darrel Vannoy, and the Louisiana Supreme Court.[7] Plaintiff seeks damages, declaratory relief, and injunctive relief.[8]

The Magistrate Judge recommended that Plaintiff's Section 1983 claims be dismissed pursuant to the Supreme Court's holding in *Heck v. Humphrey*.[9] Under *Heck*, a plaintiff may not recover under Section 1983 unless his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[10] Because Plaintiff has not demonstrated that his conviction has already been invalidated, *Heck* would bar his claims for damages, declaratory relief, and injunctive relief.[11] Therefore, the Magistrate Judge recommended that the Court dismiss Plaintiff's Section 1983 claims with prejudice until such time

---

[6] Rec. Doc. 3.

[7] *Id*.

[8] *Id*. at 18.

[9] Rec. Doc. 6 at 4 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[10] *Id*. (citing *Heck*, 512 U.S. at 486–87).

[11] *Id*. at 5.

as the *Heck* conditions are met.[12] To the extent the Complaint could be construed as a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254, the Magistrate Judge noted that Plaintiff has already sought federal habeas relief and he must obtain authorization for a successive filing from the United States Court of Appeals for the Fifth Circuit before filing a successive habeas petition.[13]

Plaintiff objects to the Report and Recommendation.[14] Plaintiff's requested that this Court "stay all decisions and actions" until Plaintiff receives a *de novo* review of his conviction "in light of the recent ruling of . . . *Ramos v. Louisiana*."[15] Thereafter, Plaintiff filed four amended pleadings reasserting his claim that his constitutional rights were violated when he was convicted by a non-unanimous jury.[16] Plaintiff reasserts his requests for damages, declaratory relief, and injunctive relief.[17]

## II. Standard of Review

### A. Review of the Magistrate Judge's Report and Recommendation

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend his/her disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[18] A district judge "may accept, reject or modify the recommended

---

[12] *Id*. at 5.

[13] *Id*.

[14] Rec. Doc. 7.

[15] *Id*. (citation omitted).

[16] Rec. Docs. 8, 9, 10, 11, 12.

[17] *Id*.

[18] 28 U.S.C. §636(b)(1)(B).

disposition" of a Magistrate Judge on a dispositive matter.[19] The district judge must "determine de novo any part of the [Report and Recommendation] that has been properly objected to."[20] However, a district court's review is limited to plain error of parts of the report not properly objected to.[21]

### B.    *Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[22] A complaint is frivolous if it lacks an arguable basis in law or fact.[23] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[24] It lacks a basis in facts if "the facts alleged are clearly baseless."[25] If a court finds a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[26]

### III.   Law and Analysis

Plaintiff's objects to the Magistrate Judge's recommendation that this Court dismiss his Section 1983 claims under the *Heck* doctrine.[27] Plaintiff requests this Court "stay all decisions and actions" until Plaintiff's conviction is reviewed *de novo*.[28]

In *Heck v. Humphrey*, the Supreme Court held:

---

[19] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. §636(b)(1).

[20] Fed. R. civ. P. 72(b)(3).

[21] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[22] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[23] *Id*.

[24] *Id*.

[25] *Id*.

[26] See 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c).

[27] Rec Doc. 7.

[28] *Id*.

4

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm cause by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254, claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[29]

Additionally, *Heck* has been extended to claims for declaratory and injunctive relief.[30] If the judgment would imply the invalidity of the state court conviction the plaintiff's Section 1983 claims should be dismissed with prejudice until such time as the *Heck* conditions are met.[31]

A judgment on Plaintiff's Section 1983 claim that his conviction by a non-unanimous jury was unconstitutional would necessarily imply the invalidity of his state court conviction. Therefore, Plaintiff's Section 1983 claim must be dismissed with prejudice until such time as the *Heck* conditions are met.

It would be futile to construe the instant complaint in part as a federal habeas petition under 28 U.S.C. § 2254 because this Court lacks jurisdiction to consider such a petition. Plaintiff previously filed a Section 2254 petition challenging this same conviction that was dismissed with prejudice on the merits.[32] This Court does not have jurisdiction to consider a second or successive

---

[29] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

[30] *Clark v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998); *Walton v. Parish of LaSalle*, 258 F. App'x 633, 633–34 (5th Cir. 2007); *Collins v. Ainsworth*, 177 F. App'x 377, 379 (5th Cir. 2005).

[31] *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

[32] *Farrier v. Vannoy*, No. 17-7955, 2018 WL 6651253 (E.D. La. Dec. 19, 2018).

habeas petition challenging that same state criminal judgment unless the petitioner has obtained authorization for such a filing from the United States Court of Appeals for the Fifth Circuit.[33] On October 19, 2020, the Fifth Circuit denied Petitioner's request for authorization to file a successive Section 2254 petition based on his claim that he was convicted by a non-unanimous jury.[34] Therefore, this Court does not have jurisdiction to consider a successive Section 2254 petition, and Plaintiff has not demonstrated that a stay of these proceedings is warranted while he seeks review of his conviction. In addition, the Supreme Court recently held that its decision in *Ramos v. Louisiana*, requiring that under the Sixth Amendment right to jury trial a state-court jury must be unanimous to convict a criminal defendant of a serious offense, does not apply retroactively on federal collateral review.[35]

## IV. Conclusion

For the foregoing reasons, Plaintiff's Section 1983 claim that his conviction by a non-unanimous jury was unconstitutional would necessarily imply the invalidity of his state court conviction. Therefore, Plaintiff's Section 1983 claims must be dismissed with prejudice until such time as the *Heck* conditions are met. Additionally, Plaintiff has not demonstrated that a stay of these proceedings is warranted while he seeks review of his conviction. Accordingly,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation.

---

[33] *See* 28 U.S.C. § 2244(b).

[34] *See Farrier v. Vannoy*, No. 20-30542 (5th Cir. Oct. 19, 2020).

[35] *Edwards v. Vannoy*, ---- S.Ct. ----, 2021 WL 1951781 (May 17, 2021).

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims are **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

**NEW ORLEANS, LOUISIANA,** this  1st  day of June, 2021.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**