# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY D. FARRIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1611** |
| **STATE OF LOUISIANA, et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Plaintiff Anthony D. Farrier ("Plaintiff").[1] Plaintiff, a Louisiana state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Orleans Parish District Attorney Leon Cannizzaro, Orleans Parish Criminal District Court Judge Robin Pittman, Louisiana State Penitentiary Warden Darryl Vannoy, and the Louisiana Supreme Court.[2] Plaintiff alleged that under *Ramos v. Louisiana* his constitutional rights were violated when he was convicted by a non-unanimous jury.[3] The Magistrate Judge recommended that the Court dismiss Plaintiff's Section 1983 clams pursuant to the Supreme Court's holding in *Heck v. Humphery* because a judgment in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's conviction.[4] Plaintiff objected to the Magistrate Judge's recommendation.[5] On June 1, 2021, the Court overruled the objection, adopted the Report and

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 3.

[3] *Id*. (citing *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020)).

[4] Rec. Doc. 6.

[5] Rec. Doc. 7.

1

Recommendation, and entered a judgment dismissing the case with prejudice until such time as the *Heck* conditions are met.[6]

Plaintiff now seeks reconsideration of the June 1, 2021 Order and Judgment.[7] Plaintiff reiterates his prior arguments that he is entitled to Section 1983 relief because he was convicted by a non-unanimous jury.[8] Plaintiff repeats his prior argument that the Supreme Court's decision in *Ramos v. Louisiana* should be applied retroactively to his case.[9]

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[10] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[11] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[12] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[13] with relief being warranted only when the basis for relief is "clearly establish[ed]."[14]

---

[6] Rec. Docs. 15, 17.

[7] Rec. Doc. 18.

[8] *Id.*

[9] *Id.*

[10] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[11] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[12] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

[13] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[14] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo*, 2010 WL 1424398, at *3.

Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[15]

A motion for reconsideration "[is] not the proper vehicle for rehashing evidence, legal theories, or arguments."[16] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[17] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[18] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[19]

Here, Plaintiff does not present any manifest error of law or fact, newly discovered evidence, or an intervening change in the controlling law. Instead, Plaintiff simply reiterates the arguments made in his prior filings. As the Court explained in the June 1, 2021 Order, Plaintiff's

---

[15] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[16] *Id.* (quoting *Templet*, 367 F.3d at 478–79).

[17] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[18] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[19] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

Section 1983 claim is barred under the Supreme Court's holding in *Heck v. Humphrey* because a judgment on Plaintiff's Section 1983 claim that his conviction by a non-unanimous jury was unconstitutional would necessarily imply the invalidity of his state court conviction.[20] Therefore, the Court dismissed Plaintiff's Section 1983 claim with prejudice until such time as the *Heck* conditions are met.

Additionally, the Court found that it would be futile to construe the Complaint in part as a federal habeas petition under 28 U.S.C. § 2254 because this Court lacks jurisdiction to consider such a petition.[21] Plaintiff previously filed a Section 2254 petition challenging this same conviction that was dismissed with prejudice on the merits.[22] This Court does not have jurisdiction to consider a second or successive habeas petition challenging that same state criminal judgment unless the petitioner has obtained authorization for such a filing from the United States Court of Appeals for the Fifth Circuit.[23] On October 19, 2020, the Fifth Circuit denied Petitioner's request for authorization to file a successive Section 2254 petition based on his claim that he was convicted by a non-unanimous jury.[24] Therefore, this Court does not have jurisdiction to consider a successive Section 2254 petition.

In addition, the Supreme Court recently held that its decision in *Ramos v. Louisiana*, requiring that under the Sixth Amendment right to jury trial a state-court jury must be unanimous to convict a criminal defendant of a serious offense, does not apply retroactively on federal

---

[20] Rec. Doc. 15 at 5 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

[21] *Id.*

[22] *Farrier v. Vannoy*, No. 17-7955, 2018 WL 6651253 (E.D. La. Dec. 19, 2018).

[23] *See* 28 U.S.C. § 2244(b).

[24] *See Farrier v. Vannoy*, No. 20-30542 (5th Cir. Oct. 19, 2020).

4

collateral review.[25] Plaintiff has not demonstrated that reconsideration of these issues is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Anthony D. Farrier's Motion for Reconsideration is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___12th___ day of January, 2022.

                                                               **NANNETTE JOLIVETTE BROWN**
                                                               **CHIEF JUDGE**
                                                                **UNITED STATES DISTRICT COURT**

---

[25] *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021). Plaintiff primarily argues that the Supreme Court's holding in *Edwards* is incorrect and "does not prevent this Court from giving retroactive effect" to *Ramos*. Rec. Doc. 18 at 7. The *Edwards* holding is binding on this Court.