UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY D. FARRIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1611** |
| **STATE OF LOUISIANA, et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is a Second Motion for Reconsideration filed by Plaintiff Anthony D. Farrier ("Plaintiff").[1] Plaintiff, a Louisiana state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Orleans Parish District Attorney Leon Cannizzaro, Orleans Parish Criminal District Court Judge Robin Pittman, Louisiana State Penitentiary Warden Darryl Vannoy, and the Louisiana Supreme Court.[2] Plaintiff alleged that under *Ramos v. Louisiana*, his constitutional rights were violated when he was convicted by a non-unanimous jury.[3] The Magistrate Judge recommended that the Court dismiss Plaintiff's Section 1983 clams pursuant to the Supreme Court's holding in *Heck v. Humphrey* because a judgment in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's conviction.[4] Plaintiff objected to the Magistrate Judge's recommendation.[5] On June 1, 2021, the Court overruled the objection, adopted the Report

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 3.

[3] *Id*. (citing *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020)).

[4] Rec. Doc. 6.

[5] Rec. Doc. 7.

and Recommendation, and entered a judgment dismissing the case with prejudice until such time as the *Heck* conditions are met.[6]

Plaintiff then sought reconsideration of the June 1, 2021 Order and Judgment.[7] On January 12, 2022, the Court denied the first Motion for Reconsideration.[8] Over two years later, on January 26, 2024, Plaintiff filed the instant second Motion for Reconsideration.[9] In the instant motion, Plaintiff argues that the State improperly applied a 2018 amendment to the Louisiana Constitution, allowing for non-unanimous jury verdicts for offenses committed before January 1, 2019, to his case.[10]

The Fifth Circuit has noted that while the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*," it has consistently recognized that such a motion may challenge a judgment under Federal Rules of Civil Procedure 59(e) or 60(b), depending on the time of the filing.[11] If such a motion is filed within 28 days after entry of the judgment from which relief is being sought, the motion will be treated as a motion to reconsider under Rule 59(e).[12] Here, Plaintiff's motion was brought more than two years after the June 1, 2021 Judgment.[13] Accordingly, the Court considers the motion under Federal Rule of Civil Procedure 60(b).

---

[6] Rec. Docs. 15, 17.

[7] Rec. Doc. 18.

[8] Rec. Doc. 19.

[9] Rec. Doc. 20. The motion is dated January 26, 2024. It was received and docketed by the Clerk of Court on January 31, 2024.

[10] *Id.* at 1–2 (citing *State v. Reddick*, 2021-01893 (La. 10/21/22); 351 So. 3d 273).

[11] *Gulf Offshore Logistics, L.L.C., et al. v. Seiran Exploration & Prod. Co., LLC, et al.*, No. 11-1788, 2014 WL 2215747, at *5 (E.D. La. May 28, 2014) (Brown, J.) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

[12] *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). *See also* Fed. R. Civ. P. 59(e).

[13] Rec. Docs. 15, 17.

Federal Rule of Civil Procedure 60 regulates the procedures by which a party may obtain relief from a final judgment. Rule 60(b) provides that a court "may relieve a party from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.[14]

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[15] "Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."[16]

Plaintiff has not demonstrated that relief is warranted under Rule 60(b). As the Court explained in the June 1, 2021 Order, Plaintiff's Section 1983 claim is barred under the Supreme Court's holding in *Heck v. Humphrey* because a judgment on Plaintiff's Section 1983 claim that his conviction by a non-unanimous jury was unconstitutional would necessarily imply the invalidity of his state court conviction.[17] Therefore, the Court dismissed Plaintiff's Section 1983 claim with prejudice until such time as the *Heck* conditions are met.

---

[14] Fed. R. Civ. P. 60(b).

[15] Fed. R. Civ. P. 60(c)(1).

[16] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[17] Rec. Doc. 15 at 5 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

Additionally, the Court found that it would be futile to construe the Complaint in part as a federal habeas petition under 28 U.S.C. § 2254 because this Court lacks jurisdiction to consider such a petition.[18] Plaintiff previously filed a Section 2254 petition challenging this same conviction that was dismissed with prejudice on the merits.[19] This Court does not have jurisdiction to consider a second or successive habeas petition challenging that same state criminal judgment unless the petitioner has obtained authorization for such a filing from the United States Court of Appeals for the Fifth Circuit.[20] On October 19, 2020, the Fifth Circuit denied Petitioner's request for authorization to file a successive Section 2254 petition based on his claim that he was convicted by a non-unanimous jury.[21] Therefore, this Court does not have jurisdiction to consider a successive Section 2254 petition.

In *Ramos v. Louisiana*, the Supreme Court held that "the Sixth Amendment right to a jury trial—as incorporated against the States by way of the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense."[22] Both the United States Supreme Court and the Louisiana Supreme Court have held that *Ramos* does not apply retroactively on collateral review.[23] Plaintiff has not demonstrated that reconsideration of these issues is warranted.

Accordingly,

---

[18] *Id.*

[19] *Farrier v. Vannoy*, No. 17-7955, 2018 WL 6651253 (E.D. La. Dec. 19, 2018).

[20] *See* 28 U.S.C. § 2244(b).

[21] *See Farrier v. Vannoy*, No. 20-30542 (5th Cir. Oct. 19, 2020).

[22] *Ramos v. Louisiana*, 140 S.Ct. 1390, 1394 (2020).

[23] *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021); *Reddick*, 351 So. 3d at 273.

5

**IT IS HEREBY ORDERED** that Plaintiff Anthony D. Farrier's Motion for Reconsideration is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 15th day of February, 2024.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**